JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN GREENE,<br><br>    Plaintiff,<br><br>v.<br><br>KEETON PROPERTY MANAGEMENT LLC et al.,<br><br>    Defendants. | Case No. 2:25-cv-05456-SB-AS<br><br>ORDER OF DISMISSAL |

    Plaintiff Calvin Greene, proceeding pro se, filed a complaint raising tort claims and violations of his constitutional rights. Because he has requested to proceed in forma pauperis (IFP), the Court must screen his complaint to determine if he financially qualifies and if he appears to state a claim. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). For the following reasons, his complaint is dismissed without prejudice.

I.

    The complaint is sparse but appears to arise out of various incidents at Plaintiff's apartment complex. He brings this suit against: (1) two other tenants, Javier Perez and Robert Buchanan; (2) the property's owner, Keeton Property Management LLC; and (3) Keeton's manager, Patricia Rhodes. Dkt. No. 1 ¶¶ 1–5. He alleges that, in retaliation for "filing a complaint against an owner," he was harassed and his apartment was burglarized. *Id.* ¶ 7 (alleging that Buchanan broke into his apartment, stole items, and continues to retaliate against him). He further claims that Perez's dog "scraped and violently bit" him and that Defendants called him racial slurs, stole documents, broke pipes, "cut up" his jacket, and otherwise harassed him. *Id.* Based on these allegations, he asserts claims for: (1) Fifth and Fourteenth Amendments violations; (2) negligence; and (3) negligent infliction of emotional distress. *Id.* ¶¶ 8–11.

## II.

Though Plaintiff invokes federal-question jurisdiction under 28 U.S.C. § 1331, Dkt. No. 1-1, he fails to state any federal claim.[1] He alleges violations of his Fifth and Fourteenth Amendment rights, but there is no direct cause of action under the Constitution. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (noting that 42 U.S.C. § 1983 provides a cause of action for appropriate constitutional claims). Even liberally construing his complaint as raising a § 1983 claim, he names only private parties as defendants and alleges only private conduct, failing to show Defendants were acting under color of state law as required to state such a claim. *Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). Moreover, his barebones allegations that his "Fifth [and Fourteenth] Amendment rights under the United States Constitution were violated" (Dkt. No. 1 ¶¶ 8–9) are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (cleaned up); *id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff's remaining claims arise under state law, and he fails to allege complete diversity of citizenship as an independent ground for federal subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). *See* Dkt. No. 1 ¶¶ 1, 4, 5 (alleging both Plaintiff and Defendants Perez and Buchanan are California residents). Absent any plausible federal claim, the Court declines supplemental jurisdiction over the remaining state claims. 28 U.S.C. § 1367(c) (district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction"); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

---

[1] The standard for determining whether a complaint fails to state a claim under 28 U.S.C. § 1915(e) is the same as the standard under Federal Rule of Civil Procedure 12(b)(6). *Hebrard v. Nofziger*, 90 F.4th 1000, 1007 (9th Cir. 2024).

III.

As Plaintiff has failed to state any federal claim, and the Court declines supplemental jurisdiction over the remaining state law claims, the complaint is dismissed in its entirety. It is also "absolutely clear" that amendment of his federal claims would be futile and that leave to amend is unwarranted because his allegations concern wholly private conduct by private actors. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Accordingly, this action is dismissed without prejudice to refiling in state court.

Date: June 23, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge